IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 18-24439-JAD |
| | : | |
| MICHAEL A. DEEB | : | Chapter 7 |
| BREANNE M. DEEB | : | |
| *Debtor* | : | |
| | : | |
| Natalie Lutz Cardiello, Trustee | : | Doc. #47 |
| | : | |
| Movant | : | Related to Doc. #43 |
| | : | |
| v. | : | |
| | : | |
| United States of America, Internal | : | |
| Revenue Service; Commonwealth of | : | |
| Pennsylvania, Department of Revenue; | : | |
| County of Butler; Township of Clay; | : | |
| Moniteau School District; Nationstar | : | |
| Mortgage, LLC d/b/a Mr. Cooper; and | : | |
| Cavarly SPV I, LLC as Assignee of Bank | : | |
| of America/FIA Card Services, N.A. | : | |
| | : | |
| Respondents | : | |

**ORDER CONFIRMING SALE OF PROPERTY**
**FREE AND DIVESTED OF LIENS**

This **3rd** day of ____**September**____, 20___ on consideration of the Trustee's *Motion for Sale of Property Free and Divested of Liens* to John C. Williams, III for $180,000, after hearing held in Courtroom D, this date. Regarding said Motion the Court finds:

(1) That service of the Notice of Hearing and Order setting hearing on said Motion for private sale of real property free and divested of liens of the above named Respondents, was effected on the following secured creditors whose liens are recited in said Motion for sale, viz:

| **DATE OF SERVICE** | **NAME OF LIENOR AND SECURITY** |
|---|---|
| *(Date of each service)* | *(Name and address of each)* |
| August 9, 2019 | Alma Beachem |
| | Clay Township Tax Collector |
| | 421 Beaver Dam Road |
| | Butler, PA 16001 |
| | *(real estate)* |

| | |
|---|---|
| August 9, 2019 | Mr. Cooper<br>Attn: Anthony Villani, EVP and GC<br>8900 Freeport Pkwy, Ste 150<br>Irving, TX 75063<br>*(real estate)* |
| August 9, 2019 | Cavarly SPV I LLC<br>Attn: President<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595<br>*(real estate)* |

(2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the Movant as shown by the certificate of service duly filed and that the named parties were duly served with the Complaint/Motion.

(3) That sale hearing was duly advertised on the Court's website pursuant to W.PA.LBR 6004-1(c) on August 8, 2019, in the Butler Legal Journal on August 16, 2019 and in the Butler Eagle on August 15, 2019, as shown by the Proof of Publications duly filed.

4) That at the sale hearing no higher offers were received and no objections to the sale were made which would result in cancellation of said sale.

(5) That the price of *$180,000* offered by JOHN C. WILLIAMS, III is a full and fair price for the property in question.

(6) The Court finds that the purchaser is held to be a good faith purchaser pursuant to 11 U.S.C. §363 and *In re Abbott's Dairies of Pennsylvania, Inc.*, 788 F2d 143 (C.A. 3rd 1986), entitled to all of the protections and benefits accorded such a buyer/purchaser pursuant to 11 U.S.C. §363(m).

**IT IS ORDERED, ADJUDGED AND DECREED** that the private sale by *Special Warranty* deed of the real property described in the Motion as **110 Chrie Lane, Butler, PA 16001** is hereby confirmed to **JOHN C. WILLIAMS, III for $ 180,000**, free and divested of all liens; and, that the Trustee shall make, execute and deliver to the purchaser above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale.

The property is sold "AS IS", "WHERE IS" without representations or warranties of any kind whatsoever, and the participation of the purchaser in the sale process shall constitute an agreement and representation that the purchaser has inspected the property, and is purchasing the same solely on the basis of such inspections, and not as the result of any representation of any kind whatsoever by the Estate/debtor, or its/his/her agents, except as otherwise set forth herein.

The purchaser is deemed to have released any and all claims he/she/they may have against the Trustee/Estate, or any of them, or that he/she/they may hereafter acquire against them, or either of them, known and/or unknown, under federal and/or state law, for any environmental liability or claim, including but not limited to "CERCLA" or any similar statutes arising out of conditions in, on, or about the property so purchased.

**IT IS FURTHER ORDERED** that the liens, claims and interests of all Respondents, including but not limited to County of Butler; Township of Clay; Moniteau School District; Nationstar Mortgage, LLC d/b/a Mr. Cooper; and Cavarly SPV I, LLC as Assignee of Bank of America/FIA Card

Services, N.A., be, and they hereby are divested from the property being sold and from the proceeds from the sale.

**FURTHER ORDERED** that after due notice to the claimants, lien creditors, and interest holders, and no objection on their parts having been made or, if made, resolved/overruled, the incidental and related costs of sale and of the within bankruptcy proceeding, shall be paid in advance of any distribution to said lien creditors.

**FURTHER ORDERED** that applicable real estate taxes and ordinary closing costs, municipal lien claims, including the realtor commission approved by the Court in the amount of $10,800, shall immediately be paid at closing. Failure of the closing agent to timely make disbursement required by this Order will subject the closing agent to monetary sanctions after notice and hearing.

**FURTHER ORDERED** that the Movant shall serve a copy of the within Order on each Respondent (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the purchaser, and the attorney for the purchaser, if any, and file a certificate of service.

**FURTHER ORDERED** that closing shall occur on or before ten (10) days from the date the Order of Sale becomes final, TIME BEING OF THE ESSENCE and the Movant shall file a report of sale within seven (7) days following closing. In the event of the failure of the purchaser to remit payment in full within the required time frame, (or such extensions, not to exceed 30 days as the Trustee, in her sole and exclusive discretion, may accord to the purchaser) the Trustee may, at her option, declare a default, retain the deposit for the benefit of the Estate, and resell the property, in which case the purchaser shall be liable for any deficiency, unless such inability to close is the result of the inability of the Trustee/Estate to have complied with the terms of this Order. The Trustee is hereby authorized (but not required) to sell the property to the next highest bidder, and so on, in order to liquidate the property for the benefit of the Estate.

**FURTHER ORDERED** that this Confirmation Order survives any dismissal or conversion of the within case.

**FURTHER ORDERED** that the stay imposed by Bankruptcy Rule 6004(h) is waived.

_____  Sept. 3, 2019
**HONORABLE JEFFERY A. DELLER**
United States Bankruptcy Court

CASE ADMINISTRATOR SHALL SERVE:
Natalie Lutz Cardiello, Esquire
Michael A. and Breanne M. Deeb
Kenneth Steidl, Esquire
Office of United States Trustee

FILED
9/3/19 3:12 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

-3-